ARNART IMPORTS, INC. *v.* UNITED STATES   (No. 5224)*

United States Court of Customs and Patent Appeals, February 2, 1967

*Serko and Sklaroff* (*David Serko, Murray Sklaroff*, of counsel) for appellant.

*John W. Douglas*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Morris Braverman* for the United States.

[Oral argument November 8, 1966 by Mr. Serko and Mr. Braverman]

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK**

WORLEY, Chief Judge, delivered the opinion of the court:

The parties agree that the decorated earthenware figurines [1] with a detached parasol of non-earthenware material imported from Japan were properly classified under paragraph 211,[2] but disagree as to the duty assessed thereon.

---

*C.A.D. 900.

**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1] Exhibit 1, representative of the merchandise, was more fully described by the Customs Court:

> * * * It includes a figure of a woman who is guiding, with her left hand, a baby carriage with baby. All of the foregoing are in one earthenware piece. There are two earthenware figures of poodles, each with a metal chain around its neck, simulating a leash, and the ends of these chains are looped over the woman's right hand. These figures were all assessed as one piece, even though the poodles are separate earthenware figures. As imported there was also a parasol, which counsel stipulated is not of earthenware. This parasol has a stick extending down from the center of the parasol, on the underside. It was separate from the figure group. The stick was designed to be inserted in a hole in the woman's right hand. When so inserted, subsequent to importation, the woman appears to be under the shade of an open parasol. * * *

[2] Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, T.D. 53865.

Paragraph 211 reads:

Earthenware and crockery ware composed of a nonvitrified absorbent body, including white granite and semi-porcelain earthenware, and cream-colored ware, terra cotta, and stoneware, including clock cases with or without movements, pill tiles, plaques, ornaments, charms, vases, statues, statuettes, mugs, cups, steins, lamps and all other atricles composed wholly or in chief value of such ware; all the foregoing, whether plain white, plain yellow, plain brown, plain red, plain black, painted, colored, tinted, stained enameled, gilded, printed ornamented or decorated in any manner and manufactures in chief value of such ware, not specially provided for:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Articles which are not tableware, kitchenware, or table or kitchen utensils, valued per dozen articles—

Under $3_____10¢ per doz. pieces and 25% ad val.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Duty was assessed at 25 percent ad valorem and 10 cents per dozen *pieces*. The importer's claim that *each article* is dutiable as *one* piece, rather than *two* pieces, was overruled by the Customs Court, 55 Cust. Ct. 32, C.D. 2550.

In its brief here, appellant complains that

The Court below decided the case almost exclusively on the basis of *United States* v. *S. H. Kress & Co., et al.*, 23 CCPA, 90 T.D. 47764. The court did not consider plaintiff's argument that the merchandise at bar was arranged as it was, in two parts, for convenience in shipping, and that such arrangement does not affect the tariff status of that merchandise.

While it is true the court did rely heavily on *Kress*, and properly so, it is not true that appellant's argument was not considered, as is quite evident from the following excerpts from the opinion below:

As to exhibit 1, the witness said that this is an article which was suggested to his brother and himself by an importation from France; that they had made approximately 50 variations of the article, a woman pushing a baby carriage, with poodles, and carrying an umbrella; that they experienced so much breakage that they decided to separate the article, both to avoid breakage and to keep cubic content low enough so that the article could be sold as a dollar item. These were the only reasons for having the article in two parts.

As to cubic content, the witness said that attachment of the parasol increased shipping costs so seriously as to affect distribution as an item for retail sale at one dollar.

His corporation offers figures like exhibit 1, per dozen pieces, at a price range that varies according to the category of the buyer, such as jobbers, department stores, variety, and gift stores. The entire article, including the parasol, is counted as a single piece in plaintiff's price quotations, which are at a rate per dozen pieces.

Testimony both of Mr. Tamchin and of Mr. Benjamin Francis Allen, plaintiff's sales manager, was largely as to trade practices, pricelists, etc., all to the effect that goods such as the articles represented by exhibits 1 to 4 were quoted, offered, and sold in lots of a dozen pieces, and that this meant lots of a dozen articles.

  \*  \*  \*  \*  \*  \*  \*

It appears to be plaintiff's chief argument that, in ascertaining the number of pieces on which the specific duty under modified paragraph 211 is to be computed, the practices of the trade and commerce in the particular merchandise are to be considered. From this premise, plaintiff seems to conclude that where the trade practice is, as here, to deal in an article as a single piece, even though physically it is in separate pieces, then, for purposes of computing specific duty the article should be deemed a single piece. It is not, of course, quite so simple as that.

The proper query is: What did Congress intend by the term "piece" when it enacted the Tariff Act of 1930? The specific duty provision on earthenware, at a rate *per dozen pieces*, was a provision newly introduced in the 1930 act. It is not found in the 1922 act.

The court then reviewed *Kress*, the first interpretation of the then new paragraph 211, examined the legislative history and concluded that appellant's protest was without merit.

Here, appellant's efforts to avoid *Kress* on the grounds that different merchandise is involved, that the legislative history shows that Congress did not intend paragraph 211 to include the articles at bar, and that no replacements for damaged pieces are available here as they were in *Kress*, are equally lacking in merit.

*Kress* involved many different kinds of earthenware articles, including teapots, sugar bowls, cereal jars, cookie jars, flower pots, candy jars, juice extractors, tea sets, a figure of a clown with removable head, cheese sets, refrigerator sets, and incense burners, among others. In dealing with those articles this court stated:

We are of the opinion that the collectors' *count of each individual piece of the earthenware involved in the various entries was the proper application* of the controverted provision. *We base this conclusion chiefly upon the context of paragraph 211.* It will be noticed that the paragraph calls for "all other *articles* \* \* \* 10¢ per dozen *pieces.*" It seems obvious that "*articles*" and "*pieces*" are not used in a synonymous sense since if it was the purpose of Congress to treat each article, each entirety, with its several pieces, as one piece, it would have been unnecessary to have used the term "pieces" at all. The paragraph could well have read "and all other articles \* \* \* 10 cents per dozen". (Emphasis supplied)

We fail to see where the availability or non-availability of replacements can remove *Kress*. As the Customs Court observed:

\* \* \* we cannot agree that Congress meant piece to mean one thing when a breakage replacement is available and another thing when it is not available. There is not the slightest support, either in the clear language of the statute itself or in the legislative history, for so strained and artificial a construction.

The decisions of both the Customs Court and this court relied on by the importer do not persuade us that the Customs Court erred in dismissing the protest.

The judgment is *affirmed*.

